UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRASELYNN ANDERSON-POSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-0086-CVE-FHM |
| ) | |
| UNUM LIFE INSURANCE COMPANY OF ) | |
| AMERICA and CVS PHARMACY, INC., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is CVS Pharmacy, Inc.'s Partial Motion to Dismiss Plaintiff's Second and Third Causes of Action and Brief in Support Thereof (Dkt. # 27). Defendant CVS Pharmacy, Inc. (CVS), asks the Court to dismiss plaintiff's discrimination claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA), arguing that plaintiff failed state a prima facie case of disability discrimination under the ADA, and that plaintiff's ADA claim is fundamentally inconsistent with her claim under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (ERISA). Dkt. # 27, at 5-12. CVS also asks the Court to dismiss plaintiff's breach of contract and breach of fiduciary duty claims, incorporating the reasoning and arguments set forth in UNUM Life Insurance Company of America's (UNUM) Motion to Dismiss Plaintiff's Second Cause of Action and Brief in Support (Dkt. # 24). Dkt. # 27, at 12. Plaintiff responds that she made a well pled claim for disability discrimination under the ADA, and that plaintiff's ADA and ERISA claims are not fundamentally inconsistent. Dkt. # 29, at 2-9. After CVS filed its partial motion to dismiss (Dkt. # 27), and with leave of the Court, plaintiff filed an amended complaint (Dkt. # 28-1) withdrawing her claims for breach of contract and breach of fiduciary duty. See Dkt.

Case 4:16-cv-00086-CVE-FHM   Document 37 Filed in USDC ND/OK on 10/13/16   Page 2 of 7

# 31. Thus, CVS's partial motion to dismiss is moot as to its request to dismiss plaintiff's second cause of action. See also id. (finding UNUM's motion to dismiss plaintiff's second cause of action moot).

## I.

This suit arises from plaintiff's allegations that UNUM improperly denied her disability benefits, and that CVS discriminated against her based on her disability. Dkt. # 28-1. Plaintiff began working for CVS as a dispensing pharmacist in January 2011. Id. at 3; Dkt. # 29, at 6. In June 2013, plaintiff fractured her coccyx, which resulted in chronic pain requiring management with narcotics. Dkt. # 28-1, at 3. In January 2014, UNUM approved plaintiff for long-term disability (LTD) benefits. Id. at 4. In May 2014, plaintiff's LTD benefits were cancelled because Christopher Hunter, M.D., released plaintiff to return to work. Id. However, Dr. Hunter also stated that plaintiff is unable to perform her occupational demands with narcotics in her system. Id. Plaintiff sought accommodation for her disability, but CVS denied her request. Id. at 6. In October 22, 2014, CVS terminated plaintiff's employment. Id. at 4. Plaintiff filed a discrimination claim against CVS with the Equal Employment Opportunity Commission (EEOC). Dkt. # 2-1. On November 3, 2015, the EEOC dismissed plaintiff's claim because it could not conclude that the ADA had been violated. Id. On February 10, 2016, plaintiff filed this suit against UNUM and CVS for improper denial of benefits under ERISA, breach of contract, breach of fiduciary duty, and discrimination under the ADA. Dkt. # 2. On August 30, 2016, plaintiff filed an amended complaint, alleging the same ERISA and ADA claims as in plaintiff's original complaint, but withdrawing plaintiff's breach of contract and breach of fiduciary duty claims. Dkt. ## 28-1, 31.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft, 556 U.S. at 683. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

CVS argues that plaintiff failed to state a claim of discrimination, arguing that plaintiff failed state a prima facie case of disability discrimination under the ADA, and that plaintiff's ADA claim is fundamentally inconsistent with her ERISA claim. Dkt. # 27. Plaintiff responds that she made a well pled claim for disability discrimination under the ADA, and that plaintiff's ADA and ERISA claims are not fundamentally inconsistent. Dkt. # 29, at 2-9.

**A.**

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prevail on an ADA discrimination claim, a plaintiff must establish that: "(1) she is a disabled person as defined by the ADA; (2) she is qualified with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) the employer discriminated against her because of her disability." Doyal v. Okla. Heart, Inc., 213 F.3d 492, 495 (10th Cir. 2000). CVS argues that plaintiff has failed to allege facts that show plaintiff is able to perform the essential functions of her job with or without a reasonable accommodation. Dkt. # 27, at 6. However, accepting all facts pled by plaintiff as true, and granting all reasonable inferences from the pleadings in favor of plaintiff, see e.g., Colony Ins. Co. v. Burke, 698 F.3d 1222, 1228 (10th Cir. 2012), the Court finds that plaintiff has stated a claim for disability discrimination under the ADA.

Plaintiff asserts that she "suffered a fractured coccyx, resulting in chronic pain, which required narcotics for chronic pain management," and that she "sought accommodation for her disability but was denied such accommodations by CVS." Dkt. # 28-1, at 3, 6. Plaintiff also asserts

that CVS terminated her employment because of her disability, and that CVS engaged in intentional discrimination "with malice or reckless indifference" to plaintiff's rights. Id. at 6. These facts are sufficient for the Court "to draw the reasonable inference that [CVS] is liable for the misconduct alleged," Ashcroft, 556 U.S. at 678. Plaintiff asserts that she requested an accommodation under the ADA; it is a reasonable inference that by asking for accommodation she is also asserting that she can perform the essential functions of her job with that accommodation. Plaintiff is "not required to specifically allege all the elements of a prima facie case of discrimination." Asebedo v. Kan. State Univ., 559 F. App'x 668 (10th Cir. 2014)[1]; see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002) (holding that there is no pleading standard that requires a plaintiff to establish a prima facie case). Plaintiff's factual allegations may be sparse, but she has asserted enough detail to state a claim.

**B.**

CVS also asks the Court to dismiss plaintiff's ADA claim because it is fundamentally inconsistent with her ERISA claim. Dkt. # 27, at 6. CVS asserts that, in support of her ERISA claim, plaintiff alleges she is unable to perform the essential functions of her job. Id. CVS argues that these alleged assertions preclude plaintiff from arguing that she can perform the essential functions of her position as required to sustain a claim under the ADA. Id.

First, plaintiff has made no clear assertion that she cannot perform the essential functions of her position with an accommodation. Neither the LTD policy nor Dr. Hunter's statements mention the effects of an accommodation, see Dkt. ## 28-1, at 4; 27, at 7, and plaintiff's statement that her

---

[1] This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

disability is "debilitating" does not, as CVS argues, equate to plaintiff asserting that "she was unable to perform the job duties of any gainful occupation," see Dkt. # 27, at 8 (emphasis in original). The Court construes plaintiff's allegations in the light most favorable to plaintiff; this does not allow interpreting plaintiff's assertions that she is severely hurt as assertions that she is totally disabled to the detriment of her claims.

Second, even if the facts plaintiff alleges to support her ERISA and ADA claims conflict, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). To support its argument, CVS cites several cases granting summary judgment motions on the basis of the plaintiff's ADA claim conflicting with her LTD benefits. See Dkt. # 27, at 8-12. However, none of the cases cited is analogous to this case at this time. Most of the cases cited were decided on a motion for summary judgment, see e.g., Krensavage v. Bayer Corp., 314 F. App'x 421, 423 (3rd Cir. 2008); Garcia-Paz v. Swift Textiles, Inc., 873 F. Supp. 547, 551 (D. Kan. 1995); Reigel v. Kaiser Found. Health Plan of N.C., 859 F. Supp. 963, 964 (E.D.N.C. 1994), and the one case cited that was disposed of on the pleadings, involved a plaintiff who had already been approved to receive Social Security disability benefits, for which he had provided a medical certification from his doctor that stated he was totally and permanently disabled, see Kelley v. Civil Criterion Catalysts & Techs. L.P., No. 3:13-cv-298, 2013 WL 5754926, at *2 (N.D. Ind. Oct. 23, 2013). Here, the motion at issue is a motion to dismiss, plaintiff has made no unequivocal statement of complete disability, and no entity has adjudged plaintiff as totally disabled. Thus, the Court will not estop plaintiff from arguing her ADA claim, and CVS's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that CVS Pharmacy, Inc.'s Partial Motion to Dismiss Plaintiff's Second and Third Causes of Action and Brief in Support Thereof (Dkt. # 27) is **denied**

in part and **moot** in part. It is denied as to plaintiff's disability discrimination claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; it is moot as to plaintiff's claims for breach of contract and breach of fiduciary duty.

    **DATED** this 13th day of October, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE